# HUTSELL v. HOME BENEFICIAL LIFE INS. CO.
## No. 1.—174 S. W. (2d) 573.

Eastern Section.   May 26, 1943.

Petition for Certiorari denied by Supreme Court, October 2, 1943.

J. H. McSpadden, of Athens, for plaintiff in error.

K. E. Steinmetz, of Knoxville, for defendant in error.

McAMIS, J.  Mrs. Nellie Hutsell instituted this suit against the Home Beneficial Life Insurance Company upon an industrial life insurance policy in the amount of $140 issued upon the life of her deceased husband, Hardin M. Hutsell.  The case was tried to a jury which returned a verdict in plaintiff's favor.  However, on hearing the motion for a new trial, the circuit judge sustained the motion for a directed verdict made at the conclusion of all the evidence.  Plaintiff then filed a motion for a new trial which was overruled and she has appealed in error to this court.

By special pleas defendant invoked a provision set out in the application providing that ''no obligation shall exist against the Association under said policy, although I may have advanced premiums thereon, unless such policy is delivered to me, and unless on its date and delivery, the life proposed shall be alive and in sound health,'' also a provision of the policy making it voidable, ''If (1) within two years prior to the date of issue of this Policy the Insured has been a patient at or an inmate of, any institution for the treatment of physical or mental disease, or has undergone any surgical operation, or has been attended by a physician, unless it shall be shown by the Insured or any claimant that no such institutional, surgical, or medical treatment or attention was for a serious disease, injury, or physical or mental condition.'' It was averred that, prior to the date of said application, insured suffered from tuberculosis, and, in the month of November, 1941, had been attended by a doctor who found tubercular organisms in his sputum, all of which facts were unknown to it. It was, therefore, averred that insured was not in sound health when the policy was delivered and had consulted a physician within less than two years reducing its liability, under the terms of the policy, to a return of the premium paid.

We do not find that the policy itself contains a provision requiring the insured to be in sound health on the date of its delivery. The application, it is true, contains such a provision, but the policy only requires that insured be *alive* upon delivery of the policy.

The application is dated February 9, 1942, the policy February 23, 1942. We think it must be said that the application became merged in the policy, especially since the policy provides that it ''includes all matter

printed or written by the Company on this and the following pages and constitutes the entire agreement.''

The provisions of the application and of the policy, being irreconcilable, an ambiguity results and the court, in construing the contract, must apply the construction most favorable to the insured. Laster v. American Nat. Ins. Co., 170 Tenn. 689, 98 S. W. (2d) 1068, 108 A. L. R. 878.

However, unless the information imparted to the agent when the policy was written precludes it from setting up the defense that insured consulted a physician within two years prior to the issuance of the policy (a question to be hereinafter considered), the court was correct in directing a verdict.

Dr. Foree, a witness for defendant, states that insured was a patient or inmate at Dr. Foree's hospital for several days in November, 1941; that examination revealed tubercular organisms in his sputum; that he was then suffering from tuberculosis and that insured was advised by Dr. Foree of his findings. Dr. Foree further states that he saw him ''along occasionally'' from November, 1941, until he discovered on March 10, 1942 that he was suffering from primary carcinoma (cancer of the lungs) from which he died in June, 1942. There is no substantial dispute as to these facts which would make an issue for the jury.

Dr. Foree further states that tuberculosis is a dangerous and serious disease and that, in his opinion, insured was not in sound health in November, 1941, or between that date and the date of the issuance of the policy. Insured's condition thus falls within the purview of the policy provision invoked. Insured had been an inmate in an institution for treatment of a physical

disease and had been attended by a physician within the limited time fixed by the policy.

■ Where the time limit within which insured has received medical treatment is sufficiently restricted, such provisions in life policies are held valid without reference to the circumstances that the facts suppressed have no causal connection with the death of the insured. 29 Am. Jur. 463.

Was the information conveyed to the Company's agent sufficient to justify the implication that the Company intended to waive this provision of the policy? We quote the only testimony in the record on this question:

"Q. Who is Mr. Fezell? A. He is an agent who collects for the Insurance Company, and he came in, and he got to talking with him (insured), and I had been carrying a policy with the Company, a policy since 1930, and he asked Hardin (insured) to take out an insurance policy with him, and he said, 'I can't, the doctor says I am sick, and in some ways I am not,' and Mr. Fezell said 'well you don't look like a sick man.'

"Q. Had Mr. Hutsell been to a physician and was being treated by a physician prior to that time? A. They made an X-ray, but they did not treat him.

"Q. Was it some doctor here? A. They made two pictures at Watts Bar Dam.

"Q. Did your husband reveal that to the agent? A. I suppose so, he said they said he was sick, and he said that he never felt better in his life, but he got in some grit and concrete dust at the Dam, and that is what killed him."

It cannot be said from the foregoing, even under a construction most favorable to plaintiff, that insured revealed to the agent that he was in a hospital for several

days in November, 1941, when it was found that he had tuberculosis or that he had consulted a physician "occasionally" from that time on who had told him to go to bed because of his condition. On the contrary, according to this witness insured left the impression that he was not sick and said he had never felt better in his life.

In the application insured answered in the negative questions as to whether he had ever suffered from a disease of the lungs or been under treatment in any hospital. The application further states that he was last sick in 1905 when he had pneumonia fever and was treated by Dr. Dake, indicating that this information must have come from insured.

While insured, according to the witness, told the agent that the doctor said he was sick the conversation as well as insured's answers to the questions contained in the application and especially insured's statement that he had never felt better in his life naturally left the impression that whatever illness he was suffering from was of a temporary or minor nature and, we think, the circumstances were not sufficient to put the Company upon inquiry. It is not treatment for every ailment which, under the terms of the policy, makes the policy voidable by the Company but only such as are of a serious nature. Insured concealed the fact that he was treated for a serious disease and we do not think it may be fairly said that the Company intended to waive this provision of the policy.

It results that the trial court was correct in directing a verdict in favor of the Company and the judgment of the trial court must be affirmed, with costs.